Tyrone R. Childress (State Bar No. 136795)
Donald R. Erlandson (State Bar No. 205392)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Telephone:  1.213.489.3939
Facsimile:   1.213.243.2539
tchildress@jonesday.com
drerlandson@jonesday.com

Attorneys for Defendant and Counterclaimant
THE KROGER COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, | **Case No. 2:16-cv-04087-JAK (MRWx)** |
| Plaintiff, | **[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |
| v. | |
| THE KROGER COMPANY, and DOES 1 through 100, inclusive, | |
| Defendant. | |
| THE KROGER COMPANY, | |
| Counterclaimant, | |
| v. | |
| CONTINENTAL CASUALTY COMPANY, | |
| Counterdefendant. | |

1.   **INTRODUCTION**

    1.1    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2    GOOD CAUSE STATEMENT

The parties assert that this action is likely to involve medical and personal information pertaining to the employees of Defendant and Counterclaimant The Kroger Company ("Kroger").  More specifically, this is a dispute regarding workers compensation claims under insurance policies issued by Plaintiff and Counterdefendant Continental Casualty Company ("Continental Casualty") to Kroger.  While the dispute is largely centered around the interpretation of insurance policy provisions, discovery will necessarily entail information pertaining to individual claimants under the relevant workers compensation policies, who are current or former employees of Kroger.  This information will include facts regarding these individuals' medical conditions and treatment (including the amount of treatment received) and other personal information (such as, potentially, social security numbers and other personal identifying information).

Materials containing this medical and personal information requested during the course of discovery could, if subject to public disclosure, expose these individuals to annoyance, embarrassment, harassment, oppression, or undue burden or expense.  *See* Fed. R. Civ. P. 26(c)(1).  Further, courts within this circuit have acknowledged the need to protect such information.  *See Lauer v. Longevity Med. Clinic PLLC*, No. C13-0860-JCC, 2014 WL 5471983, at *2 (W.D. Wash. Oct. 29, 2014) ("The parties have already submitted, and the Court has approved, a stipulated Protective Order…which declares that 'records reflecting medical conditions or treatments of any current or former employees of defendant, including plaintiff; the personnel records of Plaintiff and of persons not party to this lawsuit'…are confidential and shall not be released to the public."); *Abbey v. Hawaii Employers Mut. Ins. Co.*, No. CIV. 09-000545 SOM, 2010 WL 4715793, at *1 (D. Haw. Nov. 15, 2010) ("The Protective Order covers, among other things, 'health related/medical ... information of any employee or former employee of HEMIC.'"); *Lombardi v. TriWest Healthcare All. Corp.*, No. CV-08-02381-PHX-FJM, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009) ("We will grant defendant's motion to seal as to exhibits one and three because these documents contain sensitive personal and medical information.").

Good cause exists because, if such medical and personal information is produced without a protective order in place, then, among other things, the privacy rights of third parties could be violated; third parties could be exposed to embarrassment, theft, fraud, or harassment; and a Producing Party could be accused of breaching a duty to protect private information from public disclosure.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  serve the ends of justice, a protective order for such information is justified in this

2  matter.  It is the intent of the parties that information will not be designated as

3  confidential for tactical reasons and that nothing be so designated without a good

4  faith belief that it has been maintained in a confidential, non-public manner, and

5  there is good cause why it should not be part of the public record of this case.

6  2.     DEFINITIONS

7       2.1     Action:  *Continental Casualty Company v. The Kroger Company, et*

8  *al.,* Case No. 2:16-cv-04087-JAK (MRWx) (C.D. Cal.).

9       2.2     Challenging Party:  a Party or Non-Party that challenges the

10  designation of information or items under this Order.

11       2.3     "CONFIDENTIAL" Information or Items:  information (regardless of

12  how it is generated, stored or maintained) or tangible things that qualify for

13  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

14  the Good Cause Statement.

15       2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as

16  their support staff).

17       2.5     Designating Party:  a Party or Non-Party that designates information or

18  items that it produces in disclosures or in responses to discovery as

19  "CONFIDENTIAL."

20       2.6     Disclosure or Discovery Material:  all items or information, regardless

21  of the medium or manner in which it is generated, stored, or maintained (including,

22  among other things, testimony, transcripts, and tangible things), that are produced

23  or generated in disclosures or responses to discovery in this matter.

24       2.7     Expert:  a person with specialized knowledge or experience in a matter

25  pertinent to the litigation who has been retained by a Party or its counsel to serve as

26  an expert witness or as a consultant in this Action.

27       2.8     House Counsel:  attorneys who are employees of a party to this Action.

28  House Counsel does not include Outside Counsel of Record or any other outside

counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.      <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      <u>DESIGNATING PROTECTED MATERIAL</u>

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (e.g., paper or electronic

1  documents, but excluding transcripts of depositions or other pretrial or trial

2  proceedings), that the Producing Party affix at a minimum, the legend

3  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

4  contains protected material.

5          A Party or Non-Party that makes original documents available for inspection

6  need not designate them for protection until after the inspecting Party has indicated

7  which documents it would like copied and produced.  During the inspection and

8  before the designation, all of the material made available for inspection shall be

9  deemed "CONFIDENTIAL."  After the inspecting Party has identified the

10  documents it wants copied and produced, the Producing Party must determine

11  which documents, or portions thereof, qualify for protection under this Order.

12  Then, before producing the specified documents, the Producing Party must affix the

13  "CONFIDENTIAL legend" to each page that contains Protected Material.

14          (b)     for testimony given in depositions, that the Designating Party identify

15  the Disclosure or Discovery Material on the record as "CONFIDENTIAL," before

16  the close of the deposition .

17          Alternatively, within thirty (30) business days after receipt of the deposition

18  transcript, the Parties also may designate such transcript or any portion thereof by

19  notifying each other, in writing, of the specific pages and lines of the transcript

20  which should be treated as "CONFIDENTIAL."  All deposition transcripts shall be

21  treated as "CONFIDENTIAL" until thirty (30) business days after receipt thereof

22  by Counsel for the Parties and Counsel for the witness.  The reporter for any

23  deposition shall mark with the legend "CONFIDENTIAL" pages that contain

24  testimony designated as "CONFIDENTIAL" during the deposition.   (c)     for

25  information produced in some form other than documentary and for any other

26  tangible items, that the Producing Party affix in a prominent place on the exterior of

27  the container or containers in which the information is stored the legend

28  "CONFIDENTIAL."  If only a portion or portions of the information warrants

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the

1  conditions described in this Order.  When the Action has been terminated, a

2  Receiving Party must comply with the provisions of section 13 below (FINAL

3  DISPOSITION).

4        Protected Material must be stored and maintained by a Receiving Party at a

5  location and in a secure manner that ensures that access is limited to the persons

6  authorized under this Order.

7        7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

8  otherwise ordered by the court or permitted in writing by the Designating Party, a

9  Receiving Party may disclose any information or item designated

10  "CONFIDENTIAL" only to:

11        (a)    the Receiving Party's Outside Counsel of Record in this Action, as

12  well as employees of said Outside Counsel of Record to whom it is reasonably

13  necessary to disclose the information for this Action;

14        (b)    the officers, directors, and employees (including House Counsel) of

15  the Receiving Party to whom disclosure is reasonably necessary for this Action;

16        (c)    Experts (as defined in this Order) of the Receiving Party to whom

17  disclosure is reasonably necessary for this Action and who have signed the

18  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19        (d)    the Court and its personnel;

20        (e)    court reporters and their staff;

21        (f)    professional jury or trial consultants, mock jurors, and Professional

22  Vendors to whom disclosure is reasonably necessary for this Action and who have

23  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24        (g)    the author or recipient of a document containing the information or a

25  custodian or other person who otherwise possessed or knew the information;

26        (h)    during their depositions, witnesses, and attorneys for witnesses, in the

27  Action to whom disclosure is reasonably necessary provided:  (1) the deposing

28  party requests that the witness sign the form attached as Exhibit A hereto; and (2)

1  they will not be permitted to keep any confidential information unless they sign the

2  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

3  agreed by the Designating Party or ordered by the court.  Pages of transcribed

4  deposition testimony or exhibits to depositions that reveal Protected Material may

5  be separately bound by the court reporter and may not be disclosed to anyone

6  except as permitted under this Stipulated Protective Order; and

7      (i)    any mediator or settlement officer, and their supporting personnel,

8  mutually agreed upon by any of the parties engaged in settlement discussions.

9  8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

10      <u>IN OTHER LITIGATION</u>

11      If a Party is served with a subpoena or a court order issued in other litigation

12  that compels disclosure of any information or items designated in this Action as

13  "CONFIDENTIAL," that Party must:

14      (a)    promptly notify in writing the Designating Party.  Such notification

15  shall include a copy of the subpoena or court order;

16      (b)    promptly notify in writing the party who caused the subpoena or order

17  to issue in the other litigation that some or all of the material covered by the

18  subpoena or order is subject to this Protective Order.  Such notification shall

19  include a copy of this Stipulated Protective Order; and

20      (c)    cooperate with respect to all reasonable procedures sought to be

21  pursued by the Designating Party whose Protected Material may be affected.

22      If the Designating Party timely seeks a protective order, the Party served with

23  the subpoena or court order shall not produce any information designated in this

24  action as "CONFIDENTIAL" before a determination by the court from which the

25  subpoena or order issued, unless the Party has obtained the Designating Party's

26  permission.  The Designating Party shall bear the burden and expense of seeking

27  protection in that court of its confidential material and nothing in these provisions

28  should be construed as authorizing or encouraging a Receiving Party in this Action

1    to disobey a lawful directive from another court.

2    9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

3            PRODUCED IN THIS LITIGATION

4            (a)     The terms of this Order are applicable to information produced by a

5    Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

6    produced by Non-Parties in connection with this litigation is protected by the

7    remedies and relief provided by this Order.  Nothing in these provisions should be

8    construed as prohibiting a Non-Party from seeking additional protections.

9            (b)     In the event that a Party is required, by a valid discovery request, to

10   produce a Non-Party's confidential information in its possession, and the Party is

11   subject to an agreement with the Non-Party not to produce the Non-Party's

12   confidential information, then the Party shall:

13           (1)     promptly notify in writing the Requesting Party and the Non-

14   Party that some or all of the information requested is subject to a confidentiality

15   agreement with a Non-Party;

16           (2)     promptly provide the Non-Party with a copy of the Stipulated

17   Protective Order in this Action, the relevant discovery request(s), and a reasonably

18   specific description of the information requested; and

19           (3)     make the information requested available for inspection by the

20   Non-Party, if requested.

21           (c)     If the Non-Party fails to seek a protective order from this court within

22   14 days of receiving the notice and accompanying information, the Receiving Party

23   may produce the Non-Party's confidential information responsive to the discovery

24   request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

25   not produce any information in its possession or control that is subject to the

26   confidentiality agreement with the Non-Party before a determination by the court.

27   Absent a court order to the contrary, the Non-Party shall bear the burden and

28   expense of seeking protection in this court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.  MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on

1  any ground to use in evidence of any of the material covered by this Protective

2  Order.

3     12.3 <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

4  Protected Material must comply with Civil Local Rule 79-5.  Protected Material

5  may only be filed under seal pursuant to a court order authorizing the sealing of the

6  specific Protected Material at issue.  If a Party's request to file Protected Material

7  under seal is denied by the court, then the Receiving Party may file the information

8  in the public record unless otherwise instructed by the court.

9  13.  <u>FINAL DISPOSITION</u>

10     After the final disposition of this Action, as defined in paragraph 4, within 60

11  days of a written request by the Designating Party, each Receiving Party must

12  return all Protected Material to the Producing Party or destroy such material.  As

13  used in this subdivision, "all Protected Material" includes all copies, abstracts,

14  compilations, summaries, and any other format reproducing or capturing any of the

15  Protected Material.  Whether the Protected Material is returned or destroyed, the

16  Receiving Party must submit a written certification to the Producing Party (and, if

17  not the same person or entity, to the Designating Party) by the 60 day deadline that

18  (1) identifies (by category, where appropriate) all the Protected Material that was

19  returned or destroyed and (2) affirms that the Receiving Party has not retained any

20  copies, abstracts, compilations, summaries or any other format reproducing or

21  capturing any of the Protected Material.  Notwithstanding this provision, Counsel

22  are entitled to retain an archival copy of all pleadings, motion papers, trial,

23  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

24  and trial exhibits, expert reports, attorney work product, and consultant and expert

25  work product, even if such materials contain Protected Material.  Any such archival

26  copies that contain or constitute Protected Material remain subject to this Protective

27  Order as set forth in Section 4 (DURATION).

28

14. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  November 28, 2016          ADELSON, TESTAN, BRUNDO,
                                                      NOVELL & JIMENEZ

                                                      /s/ Darrin Meyer
                                                      Darrin Meyer

                                                      Attorneys for Plaintiff and
                                                      Counterdefendant Continental Casualty
                                                      Company

DATED:  November 28, 2016          JONES DAY

                                                      /s/ Tyrone R. Childress
                                                      Tyrone R. Childress
                                                      Donald R. Erlandson

                                                      Attorneys for Defendant and
                                                      Counterclaimant The Kroger Company

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  November 29, 2016

                                                      HON. MICHAEL R. WILNER
                                                      United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[full name]**, of _____ **[full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on **[date]** in the case of **[insert case name and number].** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ **[full name]** of **[full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____