UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE KROGER COMPANY, and DOES 1 through 100, inclusive,<br><br>　　　　Defendant. | Case No. 2:16-CV-04087-JAK (MRWx)<br><br>[~~PROPOSED~~] ADDENDUM TO PROTECTIVE ORDER |
| THE KROGER COMPANY,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>　　　　Counter-defendant. | |

# ADDENDUM TO PROTECTIVE ORDER

On November 29, 2016, this Court entered a Stipulated Protective Order to be applied to the production of medical and personal information in this litigation. *See* Docket No. 27 (the "Protective Order"). The Protective Order states as follows with respect to information produced by a "Non-Party":

> "The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as 'CONFIDENTIAL.' Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections."

Protective Order, Docket No. 27, Section 9 (a).

Shortly prior to the Court's entry of the Protective Order, Continental Casualty Company ("Continental Casualty") issued a subpoena (the "Subpoena") to Sedgwick Claim Management Services ("Sedgwick"), which is a third party administrator The Subpoena seeks production of workers' compensation claim files of injured workers employed by The Kroger Company ("Kroger") that are not parties to this action. The claim files contain sensitive medical and personal information ("Confidential Information") pertaining to Kroger's injured employees.

Sedgwick, a Non-Party to this litigation, is concerned that, despite Section 9(a) of the Protective Order, its production of documents containing Confidential Information could constitute a violation of, among other things, California Labor Code Section 3762(c) (which applies to third party administrators and limits disclosure of medical information pertaining to injured workers to the diagnosis and treatment of the work injury). Accordingly, Sedgwick requests "additional protections" (referenced in Section 9(a) of the Protective Order) in the form of this Addendum to the Protective Order.

## I. GOOD CAUSE STATEMENT FOR THIS ADDENDUM

The Good Cause Statement of the Protective Order is incorporated by reference to the extent applicable. In addition to the case law cited in that Good Cause Statement (pertaining to the need for the protection of Confidential Information), California Labor Code Section 3762(c) is specific to workers' compensation claim file information and applies to third party administrators, such as Sedgwick. It states as follows:

> An insurer, third-party administrator retained by a self-insured employer pursuant to Section 3702.1 to administer the employer's workers' compensation claims, and those employees and agents specified by a self-insured employer to administer the employer's workers' compensation claims, are prohibited from disclosing or causing to be disclosed to an employer, any medical information, as defined in Section 56.05 of the Civil Code, about an employee who has filed a workers' compensation claim, except as follows:
>
> (1) Medical information limited to the diagnosis of the mental or physical condition for which workers' compensation is claimed and the treatment provided for this condition.
>
> (2) Medical information regarding the injury for which workers' compensation is claimed that is necessary for the employer to have in order for the employer to modify the employee's work duties.

Cal. Lab. Code § 3762(c).

It is undisputed that the claim files requested by the Subpoena contain Confidential Information, including the medical information referenced in California Labor Code section 3762. As a third party administrator subject to California Labor Code section 3762, Sedgwick is accountable for maintaining the Confidential Information of the injured workers contained in their claim files, particularly when such information includes sensitive medical history, medical conditions, diagnosis and treatment.

Subjecting the injured workers' claim files containing Confidential Information to public disclosure could violate statutory restrictions and expose the injured workers to annoyance, embarrassment, harassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1). heightened concern regarding

confidentiality arises where, as here, the information sought belongs to third parties - the injured workers - that have not placed their medical condition in issue in this action.

As a result, Sedgwick, as a Producing Party (as that term is used in the Protective Order), could be accused of breaching a duty to protect the injured workers' private information from public disclosure . Thus, good cause exists for allowing Sedgwick to produce materials responsive to the Subpoena in accordance with the terms of the Protective Order and to benefit from all of the protections of the Protective Order.

## II. PURPOSE OF THIS ADDENDUM

The purpose of this Addendum is to confirm that (i) Sedgwick's production of materials marked "CONFIDENTIAL" pursuant to the terms of the Protective Order is necessary in this action and shall not constitute a violation of California Labor Code Section 3762(c) or any other statute or law protecting privacy; and (ii) a blanket designation by Sedgwick of each of the requested worker's claim files as "CONFIDENTIAL" shall be acceptable to the parties and the Court given the sensitive and pervasive nature of the Confidential Information contained therein, despite any terms of the Protective Order to the contrary. All other terms of the Protective Order shall remain applicable for purposes of Sedgwick's production, including but not limited to the obligation of the parties to maintain materials designated as "CONFIDENTIAL" in a confidential, non-public manner in compliance with the terms, conditions, provisions, and restrictions set forth in the Court's Protective Order. Continental Casualty and Kroger have been informed of this Addendum to the Protective Order, and they do not object to it.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: May 9, 2017

_____
HON. MICHAEL R. WILNER
United States Magistrate Judge